FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. DALE, individually,<br><br>     Plaintiff,<br><br>     v.<br><br>AMC WEST HOUSING L.P., and BBC<br>AF MANAGEMENT, LLC,<br><br>     Defendants. | No. 2:20-CV-00256-SAB<br><br>**ORDER DENYING MOTION**<br>**FOR STIPULATED**<br>**PROTECTIVE ORDER** |
| AMC WEST HOUSING, L.P., and BBC<br>AF MANAGEMENT/DEVELOPMENT,<br>LLC.,<br><br>     Third-Party Plaintiffs,<br><br>     v.<br><br>THE DAVEY TREE EXPERT<br>COMPANY,<br><br>     Third-Party Defendant. | |

Before the Court is the parties' Motion for a Stipulated Protective Order Governing Information and Documents Produced in Discovery, ECF No. 18. The parties agree and request that the Court enter a protective order to govern the disclosure of proprietary and confidential information by Defendants AMC West

**ORDER DENYING MOTION FOR STIPULATED PROTECTIVE ORDER * 1**

Housing L.P., and BBC Management/Development, LLC. For the reasons discussed herein, the motion is **DENIED**.

The product of pretrial discovery is presumptively public, although Federal Rule of Civil Procedure 26(c) allows a district court to override this presumption upon a showing of good cause. *San Jose Mercury News, Inc. v. U.S. District Court—Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must certify it has "conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

In general, a court-issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action or motion. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material. When, as here, the parties agree that certain information should remain confidential, it may be prudent for the parties to enter into a written agreement setting forth what information shall remain private. However, it is unnecessary for such an agreement to have this Court's imprimatur to be valid.

This Court will not hesitate to issue a protective order when it is necessary; however, the moving party or parties must demonstrate good cause exists and must bear the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

**ORDER DENYING MOTION FOR STIPULATED PROTECTIVE ORDER**
* 2

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to agree on what material is appropriate for discovery and how it should be handled. Accordingly, the Court denies the stipulated motion.

The Court commends the parties and encourages them to continue cooperating with respect to the handling of potentially sensitive discovery material. The parties may, upon a proper showing tied to specific discovery material, move the Court to seal certain filings or for a protective order.

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' Motion for a Stipulated Protective Order Governing Information and Documents Produced in Discovery, ECF No. 18, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 6th day of April 2021.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR STIPULATED PROTECTIVE ORDER** * 3