FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT J. DALE, individually,<br><br>    Plaintiff,<br><br>    v.<br><br>AMC WEST HOUSING LP, and BBC AF MANAGEMENT/DEVELOPMENT, LLC,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>    v.<br><br>THE DAVEY TREE EXPERT COMPANY,<br><br>    Third-Party Defendant. | No. 2:20-CV-00256-SAB<br><br>**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Third-Party Defendant's Motion for Summary Judgment, ECF No. 37. The motion was considered without oral argument. Plaintiff Robert J. Dale ("Mr. Dale") is represented by Bradley Axtell and Michael Felice. Defendants/Third-Party Plaintiffs AMC West Housing LP and BBC AF Management/Development, LLC (collectively, "AMC West") are represented by Michael Jaeger and William Simmons. Third-Party Defendant The Davey Tree Expert Company ("Davey Tree") is represented by Francis Floyd, Brittany Ward, and Emily Albrecht.

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** *1

This case is an action for damages arising out of an accident in August 2017 at the Fairchild Air Force Base in Spokane, Washington, when resident Plaintiff Robert J. Dale was struck by a tree limb and sustained a brain injury. Mr. Dale contends that he and several other residents made complaints about dead trees, and the specific tree that harmed him, and AMC West ignored their complaints. AMC West is under contract with the U.S. Government to maintain Fairchild. AMC West denies all claims against it and brings a third-party claim against Davey Tree for breach of contract, alleging that the injuries suffered by Mr. Dale arise out of its services or failure to perform services. Davey Tree also denies all claims against it.

Davey Tree moves for summary judgment on AMC West's breach of contract claim. It contends that AMC West has presented no viable theory of its contractual liability, and therefore, it is entitled to judgment as a matter of law. AMC West argues Davey Tree was responsible for identifying dangerous trees or other conditions on the property, and nonetheless, disputes of material fact preclude summary judgment.

The parties disagree on basic facts in this action, including when the accident occurred. The date of the incident is material to resolving the issue of Davey Tree's contractual liability. Therefore, the motion is denied.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*,

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** \*2

477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

## MOTION FOR SUMMARY JUDGMENT

Davey Tree moves for summary judgment on AMC West's breach of contract claim. Davey Tree argues that "[a]ny involvement [it] had with the tree in question was after the alleged August 10, 2017 incident giving rise to the underlying lawsuit[.]" ECF No. 37 at 9. It contends that it had no duty to accept AMC West's tender of defense or indemnity where it had no involvement with AMC West until after the subject incident occurred.

Conversely, AMC West claims that Davey Tree shared responsibility in ensuring that the common areas were free from any hazardous condition, including identifying dangerous tree limbs and branches. AMC West also contends that the incident date is disputed. It claims the date is material to whether Davey Tree is contractually liable, because it requested Davey Tree to remove the tree prior to the incident.

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *3**

In this case, the Court finds that the parties' factual dispute regarding the incident date precludes summary judgment. The record evidence indicates the incident occurred sometime between August 10 and August 17, 2017. Mr. Dale alleges the incident occurred on August 10, 2017. However, Mr. Dale presented to the Sacred Heart Medical Center on August 20 and reported that the date of the incident had occurred three days earlier, on August 17. In his deposition, Mr. Dale could not explain the discrepancy in his reporting, nor could he state with any certainty the date upon which the alleged incident occurred. AMC Community Manager Dana Childers testified the tree in question was already scheduled to be removed before the incident, and she notified Mr. Dale of the planned removal two or three days prior. Meanwhile, Davey Tree states it received a request to remove the tree in question on August 14. It is also notable that metadata of images of the purported tree branch, Mr. Dale's head injury, and bloody paperwork and carpet indicate they were taken on August 11, 2017. ECF No. 42 at 4–6.

The Court cannot weigh the credibility of evidence at the summary judgment stage. *Anderson*, 477 U.S. at 255; *Cortez*, 776 F.3d at 1050. It must construe the evidence in light of AMC West as the non-moving party. *Id.* Some evidence indicates Mr. Dale's injury took place after the hazard had been identified and Davey Tree was engaged to remove the tree. As the date of the incident is material to resolution of the legal issues in this matter, summary judgment is not appropriate.

Nonetheless, Davey Tree argues that AMC West cannot allege it is contractually liable for identifying the tree in question for removal, because AMC West maintains that the tree was not dangerous in fact. The Court disagrees— AMC West can dispute a prima facie element of Mr. Dale's negligence claim while also arguing, in the alternative, that Davey Tree is liable under a theory of comparative negligence or contractual liability.

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *4**

Further, Davey Tree argues the Court should consider its proffered facts to be undisputed and admitted, because AMC West failed to file a factual statement as required by Local Civil Rule 56(c)(1)(B). The Court finds AMC West's response briefing sufficiently puts forth the factual allegations it believes are disputed. As Davey Tree's reply brief was responsive to AMC West's factual contentions, there is no prejudice to Davey Tree. Therefore, the Court declines to find the facts admitted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Third-Party Defendant's Motion for Summary Judgment, ECF No. 37, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of July 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *5**